NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER MAYER and TRACY MAYER : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| v. : | Civil Action No. 01-496(DMC) |
| RED ROOF INNS, INC., JOHN DOE CONSTRUCTION CO., OWENS CORNING and JOE DOE DISTRIBUTOR, : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs Peter Mayer Tracy Mayer for reconsideration of this Court's Opinion and Order. Pursuant to FED. R. CIV. P. Rule 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion for Reconsideration is **denied.**

I.      BACKGROUND

Plaintiffs brought this action for a personal injury matter involving Plaintiff Peter Mayer. Plaintiff Peter Mayer slipped and fell when he was exiting the shower in a room at the Red Roof Inn in Monmouth Junction, New Jersey on January 5, 1999. On May 3, 2001, Plaintiff and his wife filed their complaint naming Red Rood Inns, Inc., John Doe Construction Company, Owens-Corning and John Doe Distributor as defendants claiming that Plaintiff's injury resulted from unsafe products and

1

conditions at the Red Roof Inn in Monmouth Junction, New Jersey. Based on these claims, Plaintiffs seek compensatory and punitive damages. On July 31, 2002, this Court signed an Order administratively terminating the action against Defendants without prejudice, with the right of the parties to reopen the case for good cause. On June 12, 2006, this Court signed a Stipulation of Dismissal filed by Plaintiffs and Defendant Red Roof Inns, Inc. which dismissed the case between those parties with prejudice. On June 30, 2006, Owens-Corning's counsel notified Plaintiffs that in 1987, Owens-Corning sold all of its assets relating to the manufacturing and sale of bathroom fixtures to Sterling in a purchase agreement. On October 30, 2006, Plaintiffs and Defendant Owens-Corning settled. On July 9, 2007, Plaintiffs filed a motion to reinstate and amend the complaint for the purpose of adding an additional party. This Court heard oral argument on September 12, 2007 on the motion and said motion was denied because Plaintiffs failed to assert any new findings of law or fact which were not available to Plaintiffs throughout this litigation, or could not have been easily obtained by Plaintiffs with due diligence. On September 24, 2007, Plaintiffs filed a motion for reconsideration in which they argued that the Court applied an improper standard of review in denying their motion to amend.

## II.   STANDARD OF REVIEW

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(g) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very

sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

Pursuant to FED. R. CIV. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." While leave to amend is within this Court's discretion, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules. Forman v. Davis, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility." In re Burlington Coat Factory See Litig., 114 F.3d 1410 (3d Cir. 1997) (citing Foman, 371 U.S. at 182).

### III.  DISCUSSION

In this case, there has been no change in the controlling law and Plaintiffs present no evidence that was previously unavailable to them. Thus, Plaintiff's motion for reconsideration may only be granted if this Court committed a clear error of law or in order to prevent manifest injustice. Plaintiffs argue that this Court should reverse its previous decision because the Court erred in applying the law.

Plaintiffs' request that this Court reconsider the claims because the amendment to include an additional party would not result in undue delay, undue prejudice or bad faith. Specifically, Plaintiffs state that this Court overlooked controlling decisions of law that articulate leave to amend should be "freely given" in the absence of (1) undue delay; (2) bad faith or dilatory motives; (3) undue prejudice to the opposing party; (4) repeated failures to correct deficiencies with previous and (5) futility of the amendment. Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995). On these grounds, Plaintiff argues reconsideration is necessary.

Plaintiffs' motion to amend the complaint is denied. Plaintiffs do not assert any new findings

of law or fact which were not available to Plaintiffs throughout this litigation or could not have been easily obtained by Plaintiffs with due diligence.  Plaintiffs contend that they were not made aware of Sterling's existence until sometime in July of 2006.  On June 30, 2006, Owens-Corning's counsel notified Plaintiffs that in 1987, Owens-Corning sold all of its assets relating to the manufacturing and sale of bathroom fixtures to Sterling in a purchase agreement. Plaintiffs contend that this was the first indication that Sterling should be added as a party to the within case.

The existence of the purchase agreement could have been discovered with due diligence. The purchase agreement between Owens-Corning and Sterling was entered into in 1987, approximately twelve years before the plaintiff's accident.  Further, Plaintiffs rely on a case that was decided in 2000 in which the court held Sterling responsible for indemnifying Owens-Corning. Greisz v. Crown Am Assocs., Inc., 213 F.3d 628 (2000).  Plaintiffs' reliance on Greisz further proves that Plaintiffs should have been aware of the purchase agreement.  Even ignoring Plaintiffs reliance on the Greisz decision, Plaintiffs did not take action for thirteen months after receiving a letter from Owens-Corning's counsel.  Accordingly, Plaintiffs' motion to amend the complaint is denied and Plaintiffs' motion to reinstate the complaint is denied.

**IV.     CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiffs motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          October  15,  2007
Orig.:         Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File